IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MAXINE SIAW SAPPORE,       § | | |
|        Plaintiff,       § | | |
|               § | | |
| v.       § | 3:09-CV-1671-N | |
|               § | | |
| ARLINGTON CAREER INSTITUTE, et al., § | | |
|        Defendants.       § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge for findings, conclusions and recommendation. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

    Type of Case: This is a *pro se*, *in forma pauperis* civil action.

    Parties: Plaintiff is a resident of Irving, Texas. Defendants are the Arlington Career Institute, the Summerwood Apartment, and Progressive Casualty Insurance. No process has been issued in this case pending preliminary screening. On October 14 and November 12, 2009, the court issued a first and a second supplemental questionnaire. Plaintiff filed her answers to the questionnaires on November 10 and 16, 2009 respectively.

    Statement of the Case: Plaintiff's complaint, as supplemented by the answers to the magistrate judge's questionnaire, alleges defendants conspired to violate her due process and privacy rights by disclosing private information. Specifically, she asserts defendants unlawfully used and disclosed information obtained from her medical records, from "illegal wire tapping of

her cell phone conversations," from GPS tracking in her car, and from "illegal audio and/or video surveillance" in her home. (Compl. at 1). Plaintiff further alleges that defendants discriminated against her on the basis of her race. She seeks monetary, declaratory and injunctive relief.

Findings and Conclusions: The court permitted plaintiff to proceed *in forma pauperis*. Her complaint is, thus, subject to screening under 28 U.S.C. § 1915(e)(2)(B), which imposes a screening responsibility on the district court. That section reads in pertinent part as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C.A. § 1915(e)(2)(B).

An action is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32 (1989). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007).

Plaintiff seeks to sue the defendants under 42 U.S.C. § 1983 for conspiring to violate her due process rights and Fourth Amendment privacy rights. In order to state a claim under § 1983, plaintiff must allege (1) that she was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by one acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250 (1988). Absent either element, a

2

claim is not cognizable under § 1983.[1]

The defendants in this case, Arlington Career Institute, Summerwood Apartments, and Progressive Casualty Insurance, are private entities, whose conduct is not cognizable under § 1983. *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004) (color of state law under § 1983 does not ordinarily involve the conduct of a private citizen or corporation); *Scott v. Moore*, 85 F.3d 230, 233 (5th Cir. 1996) (same); *Thibodeaux v. Bordelon*, 740 F.2d 329, 332 (5th Cir. 1984) (same). None of plaintiff's allegations could support a conclusion that defendants or their employees are state actors.

Under proper circumstances, the existence of a conspiracy between a non-state actor and a state actor may give rise to an actionable civil rights claim against the non-state actor. See *Dennis v. Sparks*, 449 U.S. 24, 27-28, 101 S.Ct. 183 (1980) (an otherwise private person acts "under color of" state law when engaged in a conspiracy with state officials to deprive another of federal rights); *see also Tower v. Glover*, 467 U.S. 914, 920, 104 S. Ct. 2820 (1984). The alleged conspiracy in this case involved only private entities and their employees. None of Plaintiff's allegations could support a conclusion that defendants conspired with state actors. Accordingly, any claims premised on § 1983 lack an arguable basis in law and should be dismissed with prejudice as frivolous.

To the extent Plaintiff relies on 18 U.S.C. § 241,the criminal analogue of 42 U.S.C. §

---

[1] 42 U.S.C. § 1983 provides, in relevant part:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

3

1983, her conspiracy claims fare no better. (Complaint at 1-2). Private citizens do not have the right to bring a private action under a federal criminal statute. *Pierre v. Guidry*, 75 Fed. Appx. 300, 300 (5th Cir. 2003) (per curiam) (citing *Cort v. Ash,* 422 U.S. 66, 79 (1975).

Likewise, any claim based on the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub.L. No. 104-191, §§ 261-264, 110 Stat.1936 (1996), lacks an arguable basis in law and should be dismissed. (*See* Sep. 18, 2009 Statement of Fact and Nov. 16, 2009 Answer to Second Suppl. Question 3). While HIPAA generally requires confidentiality of medical records, it provides no express or implied private cause of action for its violation. *See Acara v. Banks*, 470 F.3d 569, 571-72 (5th Cir. 2006).

Plaintiff also seeks to allege a racial discrimination claim against Arlington Career Institute under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d. That section provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. When a private plaintiff seeks to enjoin action by the alleged discriminator (the recipient of federal funds), it is now well-recognized that Title VI confers a private right of action for injunctive or declaratory relief against such a recipient. *Marvin H. v. Austin Indep. Sch. Dist .,* 714 F.2d 1348, 1357 (5th Cir. 1983); *Cannon v. University of Chicago*, 441 U.S. 677, 698 n. 20 and 21, 99 S.Ct. 1946 (1979); *Bossier Parish School Board v. Lemon,* 370 F.2d 847, 852 (5th Cir. 1967).

In support of her Title VI claims, plaintiff alleges Arlington Career Institute "excluded [her] from participation in, denied benefits of, paralegal studies by being segregated from the

4

other paralegal students, when a similarly situated White/Hispanic female student was not." (Pl.'s Answer to Second Suppl. Question 1).  She also alleges defendant charged her "federal financial aid award for services (Excel certification), that it did not charge other students receiving financial assistance . . . ." (*Id.*).

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.' " *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 395 (1980).  A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944 (1969).  "The availability of declaratory [and injunctive] relief depends on whether there is a live dispute between the parties . . . ." *Id*. at 517-518, 89 S.Ct. 1944.  Whether a case has become moot is a jurisdictional matter that the court is obliged to raise *sua sponte*. *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987) (per curiam); *Donovan v. Air Transport District Lodge No. 146,* 754 F.2d 621, 624 (5th Cir. 1985).

Plaintiff concedes that in October 2009, after being permitted to re-enter the paralegal program, she "completed the curriculum requirement" and "finished the paralegal program with a 3.9 GPA."  (*See* Pl.'s Answers to First Supp. Question 2 at ¶¶ 18, and 27-28 and answers to Second Suppl. Question 5).  Graduation typically moots a claim for injunctive or declaratory relief when students challenge the constitutionality of school policies.  *See, e.g., Bd. of Sch. Comm'rs of Indianapolis v. Jacobs*, 420 U.S. 128, 129, 95 S.Ct. 848 (1975) (per curiam) ("[Once] all of the named plaintiffs in the action [have] graduated ... a case or controversy no longer exists."); *Mellen v. Bunting*, 327 F.3d 355, 364 (4th Cir. 2003) ("[Students'] claims for declaratory and injunctive relief generally become moot when they graduate."); *Stotts v. Cmty.*

*Sch. Dist. No. 1*, 230 F.3d 989, 991 (7th Cir. 2000) (holding that the "case lacks a live controversy [because the plaintiff] has graduated"); *Cole v. Oroville Union High Sch. Dist.*, 228 F.3d 1092, 1098 (9th Cir.2000) ("It is well-settled that once a student graduates, he no longer has a live case or controversy justifying declaratory and injunctive relief against a school's action or policy."); *Penderson v. La. State Univ.*, 213 F.3d 858, 874-875 (5th Cir.2000) (finding Title IX injunctive relief claims mooted by student's graduation); *Sapp v. Renfroe*, 511 F.2d 172, 175 (5th Cir. 1975) (claim for injunctive relief mooted by graduation of student challenging constitutionality of board of education requirement that students complete ROTC prior to graduation).

The same reasoning extends to plaintiff's Title VI claims. There is no reasonable expectation that plaintiff will be subjected to the same action again. She has completed the paralegal program, and will never again return to Arlington Career Institute as a student. *See generally Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S.Ct. 347 (1975) (per curiam) (one possible exception to the mootness requirement pertains to conduct that is capable of repetition, yet evading review); *Moore v. Ogilvie*, 394 U.S. 814, 816, 89 S.Ct. 1493 (1969). This court may not grant plaintiff declaratory and injunctive relief, as such relief would have no impact on her whatsoever.

Plaintiff asserts that she has been unable to secure employment or an internship opportunity with a law firm because"the Defendants at Arlington Career Institute have blacklisted her or have coordinated with the driver of the black Cadillac SUV, and/or other attorneys to do so." (*See* Pl's answers to First Supp. Question 2 at ¶ 26). Liberally construed, this allegation is conclusory at best and insufficient to resurrect her mooted claims. Accordingly,

Plaintiff's Title VI claims should be dismissed for lack of subject matter jurisdiction as they are moot.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's claims premised on 42 U.S.C. § 1983, 18 U.S.C. § 241, and HIPPA be DISMISSED with prejudice as frivolous, *see* 28 U.S.C. § 1915(e)(2)(B)(i), and that her Title VI claims be dismissed for lack of subject matter jurisdiction as they are moot, *see* Fed. R. Civ. P. 12(h)(3).

Signed this 18th day of December, 2009.

*Wm. F. Sanderson, Jr.*
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.